UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARTI KLUTHO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV2112 CDP |
| | ) | |
| OXFORD LENDING GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Oxford Lending Group, LLC mailed Marti Klutho a letter stating that "This is an Actual Pre-Qualification Selection Notification." Klutho filed this suit, alleging that Oxford Lending violated her rights under the Fair Credit Reporting Act because it obtained information about her credit without her consent in order to send her the letter. Oxford Lending has moved to dismiss, arguing that it was allowed to access Klutho's credit information because the letter constituted a "firm offer of credit" as defined by the Act. In light of the recent First Circuit decision in Sullivan v. Greenwood, 2008 WL 726135 (1st Cir. Mar. 19, 2008), I am revisiting my previous determination of the definition of a "firm offer of credit" under the FCRA. As a result, I will grant Oxford Lending's motion to dismiss because Klutho has not alleged that Oxford Lending would have denied her credit if she met Oxford Lending's pre-selection criteria.

**I.     Background**

The complaint alleges that in June 2007, Klutho received a "prescreened" promotional letter from Oxford Lending.  Klutho alleges that Oxford Lending accessed her credit report without her consent to obtain the information for this prescreening.

The front side of the letter states: "This is an Actual Pre-Qualification Selection Notification!  Don't Do Anything . . . without getting our opinion!"  The body of the letter states:

> May we ask a favor of you?
>
> You may not be in the market to refinance your home or you may be working with someone else.  We are asking that you take a moment to get a **Free** quote from us, showing you one of three things:
>
> > 1.     A refinance may be in your best interest to accomplish your goals
> >
> > 2.     We can beat your current proposal offered by our competition
> >
> > 3.     You're getting the best deal you can get . . . . . And YES we will admit it!
>
> P.S.   Marti, isn't it worth 5 minutes of your time to find out?  Not to mention it's <u>FREE</u>!  Did we mention that you already meet the criteria of being qualified?
>
> Call Today Toll Free []

> Reach your mortgage specialist [] at .... For your convenience you can apply online at www.easyonlinerefi.com
>
> ***Want to know how to cut 7-10 years off our mortgage term? Ask our specialist how***

A notation at the bottom of the front side of the letter contains the following in small print:

> Notices Regarding This Offer 1. This offer is made to you by Oxford Lending Group, LLC and the mortgage and debt consolidation amounts are not provided by the current lender. 2. This credit may not be extended if, after you respond, we find that you do not meet the criteria used to select your [sic] for this offer or any applicable criteria bearing on creditworthiness (examples include, but are not limited to, insufficient equity available, decline in credit situation, insufficient income to repay obligations, or inability to provide the required collateral). 3. This offer is contingent upon receiving a valid first or second lien on your owner-occupied one-to-four family residence (excluding mobile homes, manufactured homes or cooperative.) . . . . Minimum and maximum loan amounts apply . . . . 4. Rates are subject to change without notice based on program guidelines and lender program selections.

The mailer also contains a box indicating what Klutho's payment would be under particular circumstances. The section entitled "Pre-Screen & Opt-Out Notice" informs Klutho, "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria." The mailer does not specify the APR or specific terms of the loan; it does not guarantee a minimum loan amount or indicate an average loan amount that can be expected to be offered.

## II. Legal Standard

Oxford Lending has moved to dismiss Klutho's complaint under Rule 12(b)(6), Fed. R. Civ. P. The purpose of such a motion is to test the legal sufficiency of the complaint. The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

When ruling on a motion to dismiss, a court must primarily consider the allegations contained in the complaint, but other matters referenced in the complaint may also be taken into account. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Because the letter is attached as an exhibit to Klutho's complaint, I may consider its terms in ruling on the motion to dismiss.

## III. Discussion

Congress passed the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to preserve consumer privacy in the information maintained by consumer reporting agencies. See § 1681(a)(4) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy"). The Act sets out certain permissible purposes for which a consumer reporting agency may release credit reports and prohibits other releases. § 1681b(a). Most of the permissible purposes involve situations where the consumer has authorized or initiated the release, but there are exceptions.

One of the exceptions allows a credit provider to access consumer information in order to make a "firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(I). This provision enables a credit provider such as Oxford Lending to provide certain criteria to a credit agency and then to receive – without the consumers' consent – basic contact information about consumers who meet those criteria. The exception does not allow a potential lender to access the full credit report, but instead allows it to obtain the consumer's name, address, and other information that does not identify any particular past credit transaction of that consumer.

In creating this exception, Congress allowed lenders such as the defendant to access credit reports for the purpose of making unsolicited mailings to consumers, so long as the lender actually offered the consumer something, that is, so long as the lender made a "firm offer of credit." As one court has noted, Congress "balanced any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process." Cole v. U. S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004) (quoting S. Rep. No. 103-209, 13 (1993)). "Congress apparently believes that people are more willing to reveal personal information in return for guaranteed offers of credit than for catalog and sales pitches." Trans Union Corp. v. FTC, 267 F.3d 1138, 1143 (D.C. Cir. 2001).

Congress, however, did not specify what, if any, credit terms had to be included for something to be a "firm offer." The statute does not require the loan amount, interest rate, or a payback period to be stated. Instead, the FCRA defines "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). The statute provides that the offer may be conditioned on three specific requirements. First, the creditor may apply

additional pre-selection criteria relating to the consumer's creditworthiness. § 1681a(l)(1). Second, the offer may be conditioned on verification "that the consumer continues to meet the specific criteria used to select the consumer for the offer." § 1681a(l)(2). Finally, the firm offer may be conditioned on the consumer's furnishing any collateral that was established before the selection of the consumer for the offer and was disclosed in the offer. §1681a(l)(3). The general definition of the word "offer" under the common law does not apply in this case because Congress has specifically defined the meaning of the phrase "firm offer."

Klutho is one of many plaintiffs who have brought suit under the statute after receiving unsolicited mailings from companies seeking to lend them money.[1] Courts deciding whether a particular flyer fits the "firm offer of credit" exception have struggled to articulate a consistent definition or test. In the other cases before me, I concluded that a firm offer of credit must have some value to a consumer that is more than nominal.[2] Both parties urge me to reconsider my decision to use this test, and in light of the First Circuit's decision in Sullivan,

---

[1]See, e.g., MacDonald v. Nelnet, Inc., 477 F. Supp. 2d 1010 (E.D. Mo. 2007); Poehl v. Countrywide Home Loans, Inc., 464 F. Supp. 2d 882 (E.D. Mo. 2006).

[2]MacDonald, 477 F. Supp. 2d at 1013-14; Poehl, 464 F. Supp. 2d at 885-86; Klutho v. Home Loan Center, Inc., Case Number 4:06CV1212 CDP, 2006 WL 3836389 at * 3 (E. D. Mo. Nov. 1, 2006).

2008 WL 726136 (1st Cir. 2008), I will do so now.

In Sullivan, the First Circuit examined an unsolicited form letter sent to pre-qualified homeowners. The letter did not contain any specific loan terms, such as an interest rate or the duration of the loan. Id. at *2. After examining the statutory text of the FCRA, the First Circuit held that "an offer of credit meets the statutory definition so long as the creditor will not deny credit to the consumer if the consumer meets the creditor's pre-selection criteria." Id. at *6. It also noted that lenders need not include any specific loan terms. Id. The First Circuit distinguished the Seventh Circuit's ruling in Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004). In Cole, the offer was not really an offer of credit but instead was meant "to identify potential auto buyers." Murray v. GMAC Mortgage Corp., 434 F.3d 948, 955 (7th Cir. 2006).

Congress carefully crafted its definition of "firm offer" and chose not to require that the lender specify particular loan terms. Instead, Congress provided a number of "outs" for a lender, including additional pre-selection criteria, verification, and collateral requirements. If Congress had wanted to require that loan amounts, interest rates, or payback times be specified in a "firm offer," it could have done so. So long as the statutory criteria are met, then the absence of interest rates and other terms does not prevent the offer from being a "firm offer of

credit."

In this case, Klutho does not allege that she would have been denied credit if she met Oxford Lending's pre-selection criteria. Additionally, Klutho has not alleged that Oxford Lending was offering anything other than a home loan or that Oxford Lending's intent in sending the mailer was to identify potential buyers of any other product. This case does not involve the kind of "bait-and-switch" problem raised by Cole. Because I conclude that a mailer for a home mortgage meets the FCRA's definition of a firm offer of credit so long as the lender will not deny credit to the consumer if the consumer meets the lender's pre-selection criteria, Oxford Lending is entitled to dismissal in this case.

I recognize that the definition of the term "firm offer of credit" I have applied in this case differs from my earlier opinions in Klutho v. Fourth Fleet Fin., Inc., 529 F. Supp. 2d 1016 (E.D. Mo. 2007); Klutho v. New Day Fin., LLC, 522 F. Supp. 2d 1174 (E.D. Mo. 2007); Poehl v. Countrywide Home Loans, Inc., 2007 WL 2302491 (E.D. Mo. Aug. 7, 2007); McDonald v. Nelnet, Inc., 477 F. Supp. 2d 1010 (E.D. Mo. 2007); Poehl v. Countrywide Home Loans, Inc., 646 F. Supp. 2d 882 (E.D. Mo. 2006); and Klutho v. Home Loan Center, Inc., 486 F. Supp. 2d 957 (E.D. Mo. 2006). In those cases I examined each mailer to determine whether it offered credit having more than nominal value. I now agree with defendants, and

the First Circuit, that this approach improperly added requirements that were not set by Congress when it drafted the statute.

Finally, even if I were to require that the mailer be of "some value" to Klutho, I am further persuaded by the First Circuit's reasoning that such a mailer is of "some value" even if it does not contain any specific loan terms. Even though the letter does not guarantee Klutho a loan, it does guarantee that she "would not be disqualified from a loan on the basis of the pre-selection criteria." As a result, I will grant Oxford Lending's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#2] is granted.

A separate judgment in accordance with this memorandum and order will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2008